Max D. LUNCEFORD, d/b/a Town and Country Discount, Appellee,

v.

John K. KING, Commissioner of Revenue of the State of Tennessee, Appellant.

Supreme Court of Tennessee.

June 1, 1982.

Charles L. Lewis, Asst. Atty. Gen., William M. Leech, Jr., Atty. Gen. and Reporter, Nashville, for appellant.

William L. Guy, Spragins & Murchison, Jackson, for appellee.

## OPINION

COOPER, Justice.

The Commissioner of Revenue of the State of Tennessee has appealed from a decree permitting appellee to recover sales taxes paid. The commissioner insists that appellee is not entitled to a refund of taxes paid as (1) the tax was paid voluntarily, and (2) the appellee owed the tax under the provisions of T.C.A. § 67–3025, the so-called successor liability statute.

The taxes in question are sales taxes collected by Betty S. Silvers, d/b/a Town and Country Discount. Appellee, Max Lunceford, purchased the business from Mrs. Silvers on June 29, 1979. In the course of the negotiations leading up to the purchase, Mr. Lunceford learned that on June 15, 1979, the Department of Revenue had placed a sales tax lien against property owned by Mrs. Silvers. The lien was stated to be

upon all property and all rights, title and interest in property acquired either prior to or subsequent to the filing of this notice, belonging to Betty S. Silvers, d/b/a Town & Country Discount.

The amount of the lien was "sales taxes, penalty, and interest either previously accrued or to accrue in the future without payments." The lien also stated that interested parties could learn the precise amount of the lien by inquiry directed to the Tax Enforcement Division of the Department of Revenue of the State of Tennessee.

Appellee made inquiry of the Department of Revenue as to the amount of taxes owed by Mrs. Silvers. Acting on information he received from the department, appellee had Mrs. Silvers file sales tax returns for the final quarter she was in business. Appellee paid those taxes. He also paid Mrs. Silver's tax liability on a previous sales tax return (February, 1979).

Thereafter, the Department of Revenue mailed appellee a detailed receipt, dated July 3, 1979, showing the $3,279.03 paid by appellee on Mrs. Silvers' tax debt. Attached to the receipt was a notice of release of state tax lien, signed for the Commissioner of Revenue, by Fay Hardesty, Delegate of the Commissioner of Revenue. The notice of release of lien stated that the lien on Silvers' property,

> has now been fully discharged. Therefore, the Department of Revenue releases the above lien against the property of Betty S. Silvers (taxpayer) . . . and consents that the same be discharged of record.

Two months after releasing the lien, the Department of Revenue filed a second lien on property of Betty S. Silvers, f/d/b/a Town & Country Discount. The lien covered sales taxes, interest, and penalties due by Mrs. Silvers for the months of January, 1979, and March, 1979. It appears that these sales tax returns were filed by Mrs. Silvers in May, 1979, and paid by check. The checks were returned for insufficient funds several weeks before appellee purchased Town & Country Discount from Mrs. Silvers and several weeks before the Department of Revenue filed its sales tax lien of June 15, 1979.

In November, 1979, appellee needed to borrow additional funds from a local bank. Prior to making the loan, the lending institution had a title examination made. In the course of the examination, the sales tax lien filed by the Department of Revenue in August, 1979, was discovered. The lending institution insisted that the tax lien be cleared before any money be loaned to appellee. To clear up the lien appellee paid, under protest, to the Department of Revenue sales taxes, penalty, and interest totalling $2,704.00. Appellee then filed the present action to recover the sales taxes, penalty, and interest paid.

Appellant insists that T.C.A. § 67–3025(a), which deals with the collection of sales taxes, interest, and penalties on quitting business, makes appellee liable for the taxes he paid. Subsection (a) provides that:

> If any dealer liable for any tax, interest or penalty levied hereunder shall sell out his business or goods, or shall quit the business, he shall make a final return and payment within fifteen (15) days after the date of selling or quitting the business. His successor, successors, or assigns, if any, shall withhold sufficient of the purchase money to cover the amount of such taxes, interest, and penalties due and unpaid until such former owner shall produce a receipt from the commissioner showing that they have been paid, or a certificate stating that no taxes, interest or penalties are due. If the purchaser of a business or stock of goods shall fail to withhold the purchase money as above provided, he shall be personally liable for the payment of the taxes, interest, and penalties accruing and unpaid on account of the operation of the business by any former owners, or assigns.

The purpose of the statute is to insure the collectibility of sales taxes due the State by imposing liability upon the purchaser of a business, who is ordinarily in a better position to collect the tax than the seller, who is quitting the business. *Bank of Commerce v. Woods*, 585 S.W.2d 577 (Tenn. 1979). The purpose is accomplished by imposing responsibility on the purchaser to withhold sufficient purchase money to cover taxes, interest, and penalties that may be due and unpaid until the commissioner shall issue a receipt or certificate indicating that no sales taxes, interest, or penalties are due or stating that they have been paid. Once the receipt or certificate has been issued by the Commissioner, the purchaser is no longer liable for payment of taxes, interest, and penalties accruing and unpaid, and is free to pay the remainder of the purchase money to the seller.

Under the circumstances of this case, we think the release of the sales tax lien in July, 1979, by the Commissioner of Revenue, coming as it did after the sale of Town & Country Discount to appellee had been consummated, after the final sales tax return had been filed by Mrs. Silvers, and after the payment by appellee of all sales taxes, interest, and penalties then claimed by the State to be owing by Mrs. Silvers, is a certification from the Commissioner of Revenue that Mrs. Silvers' tax debt to the State has been satisfied. The lien that was fully discharged covered "sales taxes, penalty, and interest either previously accrued or to accrue in the future without payments," and, of course, included taxes that might be due the State for the months of January, 1979, and March, 1979. Having received the certification that the lien was "fully discharged," in our opinion appellee was relieved of further liability under T.C.A. § 67–3025(a) for payment of sales taxes due the State of Tennessee by Mrs. Silvers as the result of her operation of Town and Country Discount.

Appellant insists that since no assessment of tax liability was ever made against Mr. Lunceford directly, his payment of the sales taxes, interest, and penalty was voluntary and not under protest so as to afford the courts jurisdiction over a suit for recovery of the taxes paid. See T.C.A. §§ 67–2303 and 67–2305.

We note that in its efforts to collect the sales taxes due, appellant consistently has taken the position that appellee, as the successor to Betty Silvers, d/b/a Town and Country Discount, was liable for payment of sales taxes due from the operation of the business by Mrs. Silvers. While no lien was filed directly on property owned by appellee, the second sales tax lien filed by the State against property of Betty Silvers, f/d/b/a Town and Country Discount, coupled with the successor liability statute (T.C.A. § 67–3025), effectively placed a cloud on the title to appellee's property and prevented him from using the property as security for necessary business loans. This placed appellee under compulsion to get the lien released as soon as possible. This appellee did by paying the tax. In the letter that accompanied the payment, appellee made it clear that it was his position that the taxes in question should not be the subject of a lien against the property, notwithstanding the provisions of the successor liability statute, and that the taxes were being paid under protest. We think his actions, under the circumstances, fully met the requirement of T.C.A. § 67–2303 that the taxes be paid under protest and that, consequently, a suit for recovery of the taxes paid was proper.

Decree affirmed. Costs incident to the appeal are adjudged against the appellant.

HARBISON, C. J., FONES, BROCK and DROWOTA, JJ., concur.